IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES CROSSON | § | |
|     Reg #: 26247-177 | § | |
| v. | § | C.A. NO. C-11-179 |
| | § | |
| KEITH ROY | § | |

**OPINION AND ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS**

Petitioner is an inmate in the Federal Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. On May 31, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. (D.E. 1). Pending is Respondent's motion to dismiss. (D.E. 18). On September 6, 2011, Petitioner filed his response. (D.E. 19). For the reasons that follow, Respondent's motion is granted, and this habeas petition is dismissed.

**I. JURISDICTION**

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6). Upon consent of the parties, (D.E. 7, 14), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 15); see also 28 U.S.C. § 636(c).

**II. BACKGROUND**

Petitioner is currently serving a 210-month prison sentence for unlawful possession of a firearm. (D.E. 1, at 14). While serving his sentence, he submitted a BP-8 to the BOP on June 20, 2010 objecting to the determination that he was not eligible for placement in the Elderly

Offender Home Detention Pilot Program ("Pilot Program"), which allows eligible elderly, non-violent offenders to serve the remaining portion of their sentence in home detention. (D.E. 1, at 2, 7). After getting no response, he then submitted a BP-9 form raising the same objections on July 26, 2010. Id. at 7. In an August 13, 2010 memorandum, Dan Joslin, the warden at that time, responded that Petitioner was ineligible for the Pilot Program. Id. at 8. Petitioner appealed this decision in a BP-10 submitted on August 18, 2010, arguing that the BOP misconstrued the statute authorizing the Pilot Program to exclude him. Id. at 9. On October 15, 2010, Regional Director G. Maldonado, Jr. denied Petitioner's appeal because Petitioner had not served enough time in prison to qualify for the Pilot Program. Id. at 10.

In his BP-11 appeal sent on November 5, 2010, Petitioner continued to assert that he was eligible for the Pilot Program and criticized the BOP's interpretation of the statute as being contrary to Congress' intent. Id. at 11-12. On February 10, 2011, Harrell Watts, the National Inmate Appeals Administrator, issued a response that affirmed the previous two decisions because he had only begun his 210-month sentence in July 2001. Id. at 13. Following this last denial, Petitioner filed this habeas petition on May 31, 2011. Id. at 1.

### III. PETITIONER'S ALLEGATIONS

Petitioner alleges two grounds for habeas relief. First, he argues that the BOP's interpretation of the Elderly Offender Home Detention Pilot Program has unconstitutionally deprived him of the opportunity to serve the remainder of his sentence in home detention. Id. at 3-4. Second, he asserts that the BOP has miscalculated when his sentence began, and he fears that this will keep him in prison for longer than he was sentenced. Id. at 4-5.

# IV.  DISCUSSION

Respondent urges that this habeas petition be dismissed on the basis of mootness and lack of exhaustion.  Specifically, he argues that Petitioner cannot be placed in the Pilot Program because the program expired.  (D.E. 17, at 5).  He also asserts that Petitioner never exhausted available administrative remedies with respect to the correct commencement date of his sentence.  Id.

## A. Petitioner's Challenge Of The Denial Of His Eligibility To Participate In The Elderly Offender Home Detention Pilot Program Is Moot.

This Court's authority extends only to actual cases or controversies.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam) (citation omitted); accord Allen v. Wright, 468 U.S. 737, 750 (1984).  When relief sought by a habeas petitioner is no longer available, the remedy is moot, and dismissal of the petition is appropriate.  See Bagwell v. Dretke, 376 F.3d 408, 412 (5th Cir. 2004) (discussing habeas petition where petitioner was no longer in custody) (citations omitted); Schlang v. Heard, 691 F.2d 796, 799 & n.6 (5th Cir. 1982) (per curiam) (discussing habeas petition challenging extension of jail time where petitioner had been released) (citations omitted).

Petitioner claims that the BOP erroneously determined that he was ineligible for the Pilot Program pursuant to 42 U.S.C. § 17541(g).  (D.E. 1, at 3-4).  In particular, he contests the BOP's interpretation of § 17541(g)(5)(A)(ii), which provides that an elderly inmate is eligible after serving "the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced."  According to the Operations Memorandum published by the BOP, this program was only authorized to run from October 1, 2008 through September 30, 2010.  (D.E. 17-1, at

11).[1]  Moreover, § 17541(g)(3) itself provided that the Pilot Program was to be carried out only during the fiscal years 2009 and 2010.

The Pilot Program's expiration makes it impossible to grant Petitioner's requested relief: "to allow him to participate in the pilot program." (D.E. 1, at 4).  His reply brief makes no showing or allegation that the Pilot Program still exists.  (D.E. 19).  As a result, the Court simply lacks the power to compel the BOP to place him in a non-existent program.[2]  See The Sierra Club Found. v. Dep't of Transp., 563 F.3d 897, 898 (9th Cir. 2009) (per curiam) (claim against an agency that had sought to authorize a demonstration program was moot after Congress enacted legislation preventing that agency from allowing the demonstration program); Blumeyer v. Johns, No. 5:10-HC-2145-FL, 2011 WL 3664739, at *2 (E.D.N.C. Aug. 18, 2011) (unpublished) (holding that the termination of the Elderly Offender Home Detention Pilot Program rendered petitioner's claim moot); Cavanaugh, 2011 WL 2880908, at *2 (same).

Accordingly, Petitioner's challenge of the BOP's determination that he was ineligible for the Pilot Program is dismissed because it is moot.

---

[1] While Respondent argues that the Pilot Program ended on February 5, 2011, (D.E. 17, at 5; D.E. 18, at 2), it is apparent that the program actually expired on September 30, 2010.  (D.E. 17-1, at 11); see also Cavanaugh v. Johns, No. 5:10-HC-2025-BO, 2011 WL 2880908, at *2 (E.D.N.C. July 15, 2011) (unpublished) ("Federal fiscal year 2010 ended on September 30, 2010, and the BOP is no longer considering inmates for placement in the pilot program.") (citation omitted).  The February 5, 2011 expiration date seems to refer to the expiration date of the Operations Memorandum.

[2] To the extent that Petitioner seeks a declaratory judgment that the BOP erred in excluding him from the Pilot Program, this remedy also cannot be granted because the controversy is moot.  The Fifth Circuit has explained that whether a claim for declaratory judgment is moot depends on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment."  Florida Bd. of Bus. Regulation v. N.L.R.B., 605 F.2d 916, 918-19 (5th Cir. 1979) (citations and internal quotations omitted).  The Pilot Program is no longer operative and there is no indication that it will be re-authorized anytime soon.  Moreover, there is also the possibility that any re-authorized version of the Pilot Program would be controlled by different statutory guidelines.  Granting a declaratory judgment is a speculative venture, as it is not clear what the nature of any possible future dispute between Petitioner and Respondent would be or whether a controversy will arise at all.

**B.     Petitioner's Claim That His Release Date Has Been Delayed Has Not Been Exhausted.**

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "must first exhaust his administrative remedies through the [BOP]." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (quoting United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)). Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

Courts may excuse the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Id. (citation omitted). A petitioner must "demonstrate extraordinary circumstances that would warrant a waiver of the exhaustion requirement." Mayberry v. Pettiford, 74 F. App'x 299, 299 (5th Cir. 2003) (per curiam) (unpublished) (citing Fuller, 11 F.3d at 62). The Fifth Circuit has explained that statements by prison officials regarding the availability of administrative remedies may make them unavailable for purposes of excusing exhaustion. Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration. See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures). First, the inmate must present the complaint informally to a staff member at the facility where he is housed. See 28 C.F.R. § 542.13(a). If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident. 28 C.F.R. § 542.14(a). If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form

BP-10. 28 C.F.R. § 542.15(a). If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty days. Id. Appeal to the General Counsel is the final administrative appeal. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

While Respondent concedes that Petitioner exhausted administrative remedies with respect to the question of his eligibility for the Pilot Program, he asserts that the question of whether the BOP has incorrectly determined when he began his sentence has not been exhausted. (D.E. 17, at 5; D.E. 18, at 2). In support of this argument, Respondent has included the affidavit of BOP attorney Martin Joseph Sweaney, who avers that "I have found no record of any filing by the petitioner with respect to the commencement date of his federal sentence" in the administrative remedy records. (D.E. 17-1, at 2).

Furthermore, Petitioner's reply does not speak to whether he has exhausted his remedies regarding the starting date of his imprisonment. (D.E. 19). Petitioner is aware of the existence of the administrative remedies, as evidenced by his exhaustion of his Pilot Program claim.

Accordingly, Petitioner's claim that the BOP has miscalculated the commencement date of his prison sentence is dismissed without prejudice because he has not exhausted this claim.

## V. CONCLUSION

For the reasons stated above, Respondent's motion to dismiss, (D.E. 18), is GRANTED, and this habeas petition, (D.E. 1), is DISMISSED.

ORDERED this 22nd day of September 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE